Judge Undtrwood
delivorei. the opinion of fn- Court.'
This isa controversy in which honest motives may very likely influence both parties; although they differ widely as to the amount which justice requires should he paid by Waggoner to Stovell, the assignee of Minter. The whole contro versy turns upon the proper mode of settling a account between Minter and Waggoner, it viving partner of M. Sl Gr. Waggoner. On tli May, 1827, the firm executed their note to JS for $171,39 This note was assigned to Sto vel son-in-law of Minter, to enable hirn to disc some debts of the tatter for which the former surety. ¡Stoveil adopts Minter’s answer; Minter, notwithstanding the assignment, is still the real owner of the claim, the case will be decided as it would be were Stovcll no party.
Minter in his second answer admits- (hat the account exhibited by Waggoner “is just and correct, both on the credit and debit side, so far as the open accounts are stated.” But he insists that the said account does not set forth all his demands against the firm of A & Gr. Waggoner, and specifies the note for $171,39, as an omission. Minter admits that the note for $171,39 was given in consideration of a balance due him upon a note for $500. It seems that he held two notes for $500, each, upon the Waggoners; that the notes were cancelled, being settled by payments, in part, and the execution of three or four new notes for the balance, and that all the notes passing between the parties, except that for $171,39 were entered in the account ‘ between the parties, and when executed were charged by the . Waggoners against Minter, and when paid were' credited in favor of Minter, with the addition of interest. The circuit court supposes that this mode of keeping the account has been prejudicial to Minter, and that by making the corrections which an inspection of the account would render proper, there would be a greater balance in favor of Minter than *174 the outstanding note of $171,39, and therefore the injunction was dissolved with damages, and the bill 'dismissed with costs.
Not improper when an account is closed by trote, to d» bit the payee with the amount of the no?e, and when thoriote is paid, to cmlil him b' ihepaymonts.
We do not perceive the error against Minter arising from the manner in which the notes have been introduced into the account which the circuit court supposes to exist. It appears from the account, that-at the time the two notes of $500 each are charged to Minter as a debit that the Waggoners were indebted to him for negro hire, machinery, &c. $2826,55, and that against this sum they were entitled to credits for payments, &o. made, amounting to $1827,46, thus leaving a balance in favor of Minter of $999,09 There can be no doubt that the two notes for $500, each, were intended by the parties to close the open account up to the date of said notes. For the purpose of shewing that fact, we perceive no impropriety in entering the notes upon tiie books of the firm as a debit against Minter, thereby shewing that so much of the open account as had before then stood to his credit had been discharged and merged in the notes Some entry to that effect would undoubtedly be correct, lor it might not be safe to let a large balance stand upon the books of a mercantile firm or partnership of any kind, when a note had been executed for that balance, lest the payee of the note might set up claim both for the balance standing to his credit on the books and the amount of the note
The Waggoners gain no advantage by entering the notes on the account, as the circuit court supposes; on the contrary, Minter gains the interest by the operation, as will he very clear if all the notes are excluded from both sides of the account. If the settlement is made by excluding the notes as entered, both in the debit and credit side, it will then appear, that the whole amount of Minter’s claim against the Waggoners, is $2962,64, whilst that of the Waggoners against Minter for payments actually made, is $3022,96, thus leaving a balance in favor of the Weggoners of $60,32. By bringing the notes into the account and giving Minter the benefit of interest, amounting to $80,22. there is a balance in his favor of #19,07, as the account contained on there" *175 eord stands. There may possibly be an error in transcribing it, for according to our addition, we cannot make the debits against Minter amount to more than $4533,60, embracing the entire amount, while his credits amount to $4553,57. So much of the judgment at law as amounts to $19,97 ought therefore to be paid wi;h interest, and to that extent the injunction should be dissolved with damages, and perpetuated as to the residue.
If „>>on a(;_ ju&tment of a,ct°,|j”gSisa madC) aild a « roñe: bataneéis strnofedemand oneiiberside, tl,e chancel, rp’
Minter. seems to suppose that he is entitled to the whole $171,39, for which he has obtained a judgment, because the note for that sum has not been brought into the account. He would be right in this, if it were not that the whole $500 note, (for a part of which the note for $171,39 was given) has been brought into the account. It is very dear that the Waggoners have paid the whole amount of both notes for $500, and the interest on them, in money and property. The proof of this does not depend upon the exhibition of the notes by them as taken in and cancelled, but they shew how they were paid by their account, which Minter admits to be correct in this respect. If then the whole of the $500 note has been paid, it is. impossible that a note for $171,39 can grow out of it and continue to exist as a just debt. It is easy to perceive how it happened that the parties have been led into the error which has been committed. When the three notes, amounting in the whole to $481,40, were executed, the total amount of Miuter’s claims was $3036,27. The Waggoners had paid before that, time, $2525,57|, thus leaving a balance due $510,69£ instead of 481,40 as the parties supposed. The mistake was afterwards corrected by the execution of a note for $29,24. When the three notes for the $481,40 were given, the note for $171,39 was not produced; and the parties acted as if no such note was in existence. That note must have been overlooked in the calculation, for upon the hypothesis that it was to be paid, there was not more than $339,30§ due instead of $510,69|. The Waggoners having gone on and paid the $510,69J with an addition of interest, and $242 for •an error, except as to the $19,97 already mentioned, when there was only $339,30J due, it should be re* *176 garded in equity as a payment of the note foi $171,39 which was overlooked.
'Tompkins, for appellant; Monroe, for appellees.
Decree reversed with costs, and the cause remanded for a decreé in conformity to this opinion.